MJC/HMG2018R00169

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. DKC-18-0193 |
| v. | : | |
| DANIEL WHITEHURST, | : | (Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349) |
| Defendant. | : | |

...oOo...

### INFORMATION

### COUNT ONE

(Conspiracy to Commit Bank Fraud)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

1. Defendant **DANIEL WHITEHURST** ("WHITEHURST") was a resident of Maryland.

2. WHITEHURST was an employee of a real estate development company that did business in Maryland, including borrowing money from Cecil Bank, a bank located in Elkton, Maryland.

3. Cecil Bank was a financial institution within the meaning of Title 18, United States Code, Section 20. Cecil Bank's deposits were insured by the Federal Deposit Insurance Corporation (FDIC), and the bank was a member of the Federal Home Loan Bank System (FHLB). Furthermore, on December 23, 2008, Cecil Bancorp, Inc., the holding company for Cecil Bank, received $11,560,000 in federal taxpayer funds under the Capital Purchase Program as part of the Troubled Asset Relief Program (TARP).

4. Conspirator A was the President and Chief Executive Officer at Cecil Bank. As such, Conspirator A was prohibited from engaging in self-dealing transactions for personal gain while acting on behalf of Cecil Bank.

5. NOVO Realty, LLC, was a real estate company owned by Cecil Bank for the primary purpose of acquiring and selling bank-owned real estate, including collateralized property acquired through foreclosures. Conspirator A was the managing member of Novo Realty, LLC.

6. On or about April 20, 2011, Cecil Bank initiated the foreclosure of a single-family house located at 127 Ebenezer Church Road, Elkton, Maryland ("127 Ebenezer").

7. On or about September 10, 2012, an appraisal ordered by Cecil Bank showed a market value of $295,000 for 127 Ebenezer.

8. On or about November 21, 2012, Conspirator A, on behalf of NOVO Realty, LLC, and Cecil Bank, sold 127 Ebenezer to the defendant for $150,000.

## The Scheme and Artifice to Defraud

9. From in or about April 2012 until in or about June 2013, in the District of Maryland, the defendant, DANIEL WHITEHURST, and Conspirator A knowingly devised and intended to devise a scheme and artifice to defraud Cecil Bank, a financial institution, and to obtain money and property owned by or under the custody and control of Cecil Bank, to wit, 127 Ebenezer, by means of materially false and fraudulent pretenses, representations, and promises (hereinafter, "the scheme to defraud").

## The Conspiracy to Execute the Scheme to Defraud

10. From in or about April 2012 until in or about June 2013, in the District of Maryland, the defendant,

**DANIEL WHITEHURST,**

did knowingly and willfully conspire and agree with Conspirator A to knowingly execute, and

attempt to execute, the scheme and artifice to defraud a financial institution, to wit, Cecil Bank, and to obtain moneys, funds, credits, assets, securities, and other property owned by or under the custody and control of Cecil Bank by means of materially false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. § 1344.

### Object of the Conspiracy to Defraud

11. The object of the conspiracy to defraud was to make material misrepresentations and omissions to Cecil Bank about the value and ownership of 127 Ebenezer so that:

(a) the defendant's role as the straw buyer of the property on behalf of Conspirator A would be concealed from Cecil Bank; and

(b) Conspirator A would personally profit from the purchase of the property.

### Manner and Means of the Conspiracy to Defraud

12. It was part of the conspiracy to defraud that the defendant and Conspirator A understated the physical condition of 127 Ebenezer and collected incomparable residential properties in the same geographical area to fraudulently justify the below-market price the defendant paid for the property on behalf of Conspirator A.

13. It was further part of the conspiracy to defraud that Conspirator A wired $75,000 to the defendant's bank account prior to the settlement of 127 Ebenezer to cover the cost of the down payment, as well as closing costs and upgrades to the property.

14. It was further part of the conspiracy to defraud that Conspirator A corresponded with the defendant and others before and after settlement about upgrades Conspirator A wanted done to the property.

15. It was further part of the conspiracy to defraud that when Conspirator A sought authorization from Cecil Bank's Board of Directors to sell 127 Ebenezer to the defendant, Conspirator A did not disclose her personal interest in 127 Ebenezer nor the defendant's role as

her nominee to acquire it on her behalf.

15.   It was further part of the conspiracy to defraud that Conspirator A, on behalf of Cecil Bank, signed the Settlement Form as the "Seller" of 127 Ebenezer and the defendant signed it as the "Buyer."

18 U.S.C. § 1349

SIGNATURE REDACTED
Date

*Stephen M. Schenning* (signature)
Stephen M. Schenning
Acting United States Attorney for the
District of Maryland